## THE FRANKLIN SOCIETY FOR HOME BUILDING v. THE BOROUGH OF HAWORTH.

Submitted November Term, 1913—Decided February 17, 1914.

An assessment made by commissioners of assessment under the provisions of the Borough act set aside because the report of the commissioners failed to show that they assessed damages as well as benefits, and because in other respects the assessment was made without regard to an equitable or methodical distribution thereof for benefits received.

---

On *certiorari* removing assessment.

For the prosecutor, *John W. Zisgen.*

For the defendant, *Wendell J. Wright.*

The opinion of the court was delivered by

MINTURN, J.   Certain freeholders of the borough of Haworth filed their petition in due form with the borough council, in and by which they prayed for the improvement of St. Nicholas avenue, between Maple street and Haworth drive, the improvement to consist of the grading and macadamizing

of the roadway, and the construction of a concrete curb and gutter. Thereafter the mayor and council passed an ordinance in conformity with the prayer of the petition, and ordained therein that the resulting benefits and damages should be assessed upon the property affected in accordance with the provisions of the statute.

The improvement having been completed, the assessors in due course filed their report with the council, and this report furnishes the basis for the present controversy. It was the subject of attack from the time of its presentation, and after protracted hearings upon two occasions was referred back to the assessors for further consideration and suggested amendments.

The ordinance requires an assessment of damages as well as of benefits. This was in compliance with the fifty-eighth section of the Borough act, which provides regarding the method of assessment by the commissioners, "said report shall be accompanied by a map showing the lands and real estate taken, damaged or benefited by said improvement, and for which they have assessed damages or benefits."

The report of the commissioners shows no assessment for damages, but the fact appears to be, as shown by the list annexed thereto, as well as by the record of these proceedings and the testimony, that there was an element of damages in the improvement, which under the statute it was the duty of the assessors to distribute over the assessable area of the borough in a just and equitable manner. Section 58, Borough act. Their report speaks only of the benefits which they have assessed, and makes no reference to the element of damages. This was clearly erroneous. The duty of assessing the damages, as well as the benefits of such an improvement, is as mandatory in the one case as in the other, and their report must show that they performed this statutory duty. *Hendrickson* v. *Point Pleasant,* 36 *Vroom* 537; *Town of Bergen* v. *Van Horne,* 3 *Id.* 490.

While this error furnishes a basis for vacating the assessment, it may be well to remark that an examination of the

assessment itself satisfies the court that if the defect referred to did not exist the assessment under the testimony presented on this hearing seems to have been made without the application of any methodical system, or the intervention of any legal or equitable principle, upon which it could be successfully defended as the resultant judgment of disinterested and capable men.

There may be reasons why lots within the zone of this assessment, presenting apparently no physical difference requiring discrimination, or a difference in treatment in method and amount, should be treated as though widely separated and affected by intervening physical conditions, subjecting them to discrimination, but if such reasons exist neither the report nor the testimony, nor the record present them. The testimony shows that the assessment seems to have been made at times upon a foot frontage basis, and at times upon a mere random method of guess work, with the supervening result of distributing a known amount of cost upon some properties to the practical exclusion of others, and thus practically resulting in violating the statutory mandate requiring a "just and equitable assessment of the damages sustained by, or the benefits conferred upon" the lands and real estate fairly subject to assessment for the improvement.

This want of equitable system and method so permeates the entire assessment that nothing can correct its inequalities except an order vacating the assessment as an entirety, and ordering a new assessment to be made in accordance with the requirements of the statute. *State, Randolph* v. *Plainfield,* 9 *Vroom* 93.

Such an order may be entered, with costs.